```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNA NOBOA AND CEASER NOBOA,

           Plaintiffs,

    - against -

MSC CROCIERE S.P.A., MSC CRUISES USA, AND MSC LIRICA,

           Defendants.

**OPINION AND ORDER**

08 Civ. 2896 (PKL)

**APPEARANCES**

ANTIN, EHRLICH & EPSTEIN, LLP
Scott W. Epstein, Esq.
49 West 37th Street, 7th Floor
New York, New York 10018
**Attorneys for Plaintiffs**

DEORCHIS & PARTNERS, LLP
John K. Fulweiler, Esq.
61 Broadway, 26th Floor
New York, New York 10006-2802
**Attorneys for Defendants**

**LEISURE, <u>District Judge</u>:**

Anna Noboa and Ceaser Noboa ("plaintiffs") bring this action for damages arising out of injuries allegedly sustained while on the MSC Lirica, a cruise liner vessel owned by MSC Crociere S.p.A. and MSC Cruises USA ("defendants"). Defendants move to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56(b), on the grounds that plaintiffs' complaint is time barred. For the reasons stated below, defendants' motion to dismiss is GRANTED.

## BACKGROUND

In March of 2006, plaintiffs were passengers aboard defendants' vessel on a cruise that departed from, and returned to, the port of Ft. Lauderdale, Florida. (Compl. ¶¶ 5, 11.) On March 22, 2006, while the vessel was still at sea, Anna Noboa allegedly "slipped and fell on used and/or wet towels left on the cabin's floor and was injured due to the negligence and failure of the defendants' crew and personnel to take reasonable care under the circumstances." (<u>Id.</u> ¶¶ 9-10.)

Pursuant to the terms of the Passenger Ticket/Contract,[1] plaintiffs, through their attorney, submitted an administrative notice of Anna Noboa and Ceaser Noboa's claims arising out of Anna's slip and fall. (<u>Id.</u> ¶ 2.) Thereafter, on March 19, 2008, plaintiffs commenced the instant action pursuant to this Court's admiralty jurisdiction under 28 U.S.C. § 1331(1), and pursuant to the forum-selection clause contained in their Passenger Ticket/Contract. (<u>See id.</u> ¶¶ 1, 4.) Anna Noboa seeks maintenance and cure and punitive damages for her personal injuries (<u>id.</u> ¶¶ 23-26), and Ceaser Noboa seeks

---

[1] Citations to "Passenger Ticket/Contract" refer to plaintiffs' Passenger Ticket, Embarkation Coupon, and the attached Passenger Contract.

damages for his economic loss and for the lost comfort, society, and companionship of his wife. (Id. ¶¶ 29-30.)

On May 30, 2008, defendants moved to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56(b), on the grounds that plaintiffs' complaint is time barred. (Defs.' Mem. Law 1.)[2] In particular, defendants contend that the Passenger Ticket/Contract sets a one-year time limit to bring suit for claims of injuries that occurred on any voyage that includes a United States port, such as plaintiff's March 2006 cruise. Defendants rely on paragraph 26 of the Passenger Ticket/Contract, which provides in relevant part,

> (A) All claims against the Company or the Cruise Ship for death, illness, emotional stress or personal injury to a Passenger or for loss or damage to luggage or other property shall be time barred as follows: (i) For voyages not including a U.S.A. port, claims shall be time barred after two (2) years from the date of disembarkation as provided by Article 16 of the Athens Convention. (ii) For voyages including a U.S.A. port, claims shall be time barred after one (1) year from the date of disembarkation.

In opposition to this motion, plaintiffs claim that defendants did not reasonably communicate this purported time bar because the provisions in the Passenger Ticket/Contract are ambiguous.

## DISCUSSION

It is undisputed that plaintiffs filed their complaint on March 19, 2008, almost two years after plaintiffs disembarked from defendants' vessel. Accordingly, the issue before this Court is whether the time limitation clause appearing on plaintiffs' Passenger Ticket/Contract is enforceable, thereby barring plaintiffs' claims.

---

[2] Citations to "Defs.' Mem. Law" refer to defendants' Memorandum of Law in Support of Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Citations to "Pls.' Mem. Law" refer to plaintiffs' Memorandum of Law in Opposition to the Defendants' Motion to Dismiss and/or for Summary Judgment.

## I. Motion Standards

Defendants bring the instant motion to dismiss pursuant to Rule 12(b)(6), or, in the alternative pursuant to Rule 56(b), of the Federal Rules of Civil Procedure. (Defs.' Mem. Law 1.) Both plaintiffs and defendants submitted declarations in connection with this motion, but no party provided this Court with a statement of material facts required in connection with a motion for summary judgment under Local Civil Rule 56.1. As such, while both parties are on notice that the Court could treat this motion as a motion for summary judgment, the Court excludes the submitted materials that are outside the pleadings, and relies only on the information a Court can consider in deciding a Rule 12(b)(6) motion. Cf. Fed. R. Civ. P. 12(d) (requiring a court to treat a motion to dismiss as a motion for summary judgment if matters outside the pleadings are presented and not excluded by the court).

In considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true the factual allegations contained in the complaint and consider those facts in the light most favorable to plaintiffs. Patane v. Clark, 508 F.3d 106, 111 (2d Cir. 2007) (per curiam). To survive dismissal, "a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'" Patane, 508 F.3d at 111-12 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). An action should be dismissed pursuant to Rule 12(b)(6) where documents properly considered on a motion to dismiss reveal that the action is time barred. Ode v. Terence Cardinal Cooke (HCC), No. 08 Civ. 1528, 2008 U.S. Dist. LEXIS 101762, at *4-5 (S.D.N.Y. Dec. 9, 2008); see Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise

3

the affirmative defense in a pre-answer motion to dismiss . . . [, which] is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.").

Generally, when a district court considers a motion to dismiss under Rule 12(b)(6), a court only looks to the allegations on the face of the complaint. Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). In certain circumstances, however, a court can consider other documents, including any document appended to the complaint as an exhibit or incorporated by reference, and documents that plaintiffs either possessed or knew about and upon which they relied in bringing suit. See Roth, 489 F.3d at 509 ("Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered."); Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000) ("For purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference, . . . and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing their suit." (internal citations omitted)); Berman v. Sugo LLC, 580 F. Supp. 2d 191, 200 (S.D.N.Y. 2008) (explaining that in determining the adequacy of a claim under Rule 12(b)(6), a district court can consider documents appended to the complaint or incorporated by reference, and documents that plaintiff possessed or knew about and are integral to the complaint).

Accordingly, in addition to the complaint, the Court may properly consider plaintiffs' notice of claim, complete with its cover letter, and the Passenger Ticket/Contract, in deciding the instant motion to dismiss, without treating the motion

as one for summary judgment. These documents were specifically referred to in the complaint (see Compl. ¶¶ 2, 4) and were within plaintiffs' possession when the complaint was filed. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Where plaintiff has actual notice of all the information in the movant's papers and has relied upon those documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated."); see also Freidman v. Gen. Motors Corp., No. 08 Civ. 2458, 2009 U.S. Dist. LEXIS 13875, at *10-11 n.46 (S.D.N.Y. Feb. 23, 2009) (considering on a motion to dismiss documents that were neither attached to the complaint nor incorporated by reference, but that plaintiffs had knowledge and possession of, and specifically referred to in their complaint).

## II. Enforceability of Time Limitation Clause

Pursuant to 46 U.S.C. § 30508, previously codified as 46 U.S.C. § 183b(a),[3] the owner, manager, or agent of a vessel transferring passengers between ports in the United States, or between a port in the United States and a port in a foreign country, must allow a claimant at least one year from the date of injury to file a civil action for personal injury or death. See 46 U.S.C. § 30508. As such, the Second Circuit has held that a sea carrier may contractually limit the time period in which passengers can file suit for injury, provided that the time period is at least one year and the carrier reasonably communicates the existence and importance of the limitation to the passenger. See Ward v. Cross Sound Ferry, 273 F.3d 520, 523 (2d Cir. 2001); Spataro

---

[3] Although 46 U.S.C. § 183b(a) was revised and recodified as 46 U.S.C. § 30508(b) on October 6, 2006, the requirements pertinent to the instant motion were unaltered. At all relevant times, injured passengers were entitled to at least six months from the date of injury to give notice of a claim, and at least one year from the date of injury to initiate suit. See 46 U.S.C. § 30508(b).

5

v. Kloster Cruise, Ltd., 894 F.2d 44, 45-46 (2d Cir. 1990) (per curiam) (construing the seminal case of Silvestri v. Italia Societa Per Azioni Di Navigazione, 388 F.2d 11, 17 (2d Cir. 1968) (Friendly, J.) ("[T]he thread that runs implicitly through the cases sustaining [such contractual time limitations] is that the steamship line had done all it reasonably could to warn the passenger that the terms and conditions were important matters of contract affecting his legal rights.")). The reasonableness of any particular passenger ticket's time limitation clause is determined by the Court as a matter of law. See Ames v. Celebrity Cruises, No. 97 Civ. 0065, 1998 U.S. Dist. LEXIS 11559, at *11 (S.D.N.Y. Jul. 29, 1998) (citing Lieb v. Royal Caribbean Cruise Line, Inc., 645 F. Supp. 232, 234 (S.D.N.Y. 1986) (Leisure, J.)). In deciding whether this standard of reasonableness is met, the Second Circuit has adopted a two-prong inquiry focusing on (1) the physical appearance of the ticket itself, and (2) the circumstances surrounding the purchase and subsequent retention of the ticket. Ward, 273 F.3d at 523 (citing Shankles v. Costa Armatori, S.p.A., 722 F.2d 861, 864-66 (1st Cir. 1983)).

### A. *Physical Appearance of Ticket*

Plaintiffs' argument that the time limitation clause should not be enforced falls under the first prong: "whether the physical characteristics of the ticket itself 'reasonably communicated to the passenger the existence therein of important terms and conditions' that affected the passenger's legal rights." Ward, 273 F.3d at 523 (quoting Shankles, 722 F.2d at 864). Courts in this District have found that the physical appearance of a ticket reasonably communicated a time limitation clause where, as in the present case, the ticket contains clear and conspicuous notices that passengers were bound to important terms and conditions contained therein. See, e.g., Spataro, 894 F.2d

at 46 (finding that the ticket reasonably communicated the limitations period where the page displaying plaintiff's trip information also conspicuously directed plaintiff's attention to the contractual terms governing plaintiff's rights and liabilities); Boyles v. Cunard Line, Ltd., No. 93 Civ. 5472, 1994 U.S. Dist. LEXIS 21449, at *8 (S.D.N.Y. Jan. 11, 1994) ("Of great significance is the fact that the cover page contains a warning alerting passengers to the importance of reading the terms of the contract."); Burriss v. Regency Mar. Corp., No. 93 Civ. 0813, 1993 U.S. Dist. LEXIS 8515, at *14 (S.D.N.Y. June 24, 1993) (Leisure, J.) (finding that the time limitation clause was reasonably communicated where three conspicuous warnings directed the passenger to consult the terms contained in the passage contract); Lieb, 645 F. Supp. at 234 (observing that courts have uniformly held that a passenger is bound to the contractual terms contained in a ticket where "[t]he face of the passenger contract ticket contains a conspicuous notice directing the passenger's attention to the contractual claims contained on the inside" (internal quotation marks and citation omitted)).

    Here, plaintiffs do not suggest that they were unaware of the time limitation clause because the actual appearance of the Passenger Ticket/Contract failed to reasonably communicate the provision's existence. Indeed, this Court finds that there are several places in the Passenger Ticket/Contract informing passengers of the importance of the terms and conditions in the contract, including time limitations. On the first page of the ticket, below the cruise trip's itinerary, in small but legible font it states, "Issued subject to terms of passenger contract (attached). Please read terms and conditions attached (continued on reverse side)." Similarly, the second page advises "IMPORTANT NOTICE – READ BEFORE USING," and instructs the recipient of a

7

MSC Cruises Embarkation Coupon or Passenger Ticket to carefully read all the terms and conditions of the contract, "including clauses 16 to 26 which relate to . . . applicable law, court jurisdiction, limitations of liability, limitations of time for filing notices of claim and time limits for filing suits." Furthermore, the passenger contract itself begins "NOTICE TO PASSENGER," and it directs passengers to read the terms and conditions, specifically referencing clauses 20 to 26, which cover venue and time limits for filing suit. Finally, the time limitation clause found in paragraph 26 of the contract is within the range of provisions highlighted in the notice to passengers, and appears in legible typeface and in a style consistent with all the other terms and conditions of the Passenger Ticket/Contract. As such, throughout the Passenger Ticket/Contract, passengers are warned of important terms and conditions within the contract, including time limitations for filing claims and lawsuits. See Burriss, 1993 U.S. Dist. LEXIS 8515, at *14 (finding that the first prong was satisfied where conspicuous warnings on the first, second, and sixth pages of the passage contract drew the eye of the reader, and the language used was direct, clear, and intelligible in conveying the importance of the contractual terms).

  Nevertheless, plaintiffs argue that defendants failed to communicate reasonably the existence and importance of the time limitation clause because the clause itself was ambiguous. (Pls.' Mem. Law 9-10.) First, plaintiffs argue that because the clause used the word "voyage" instead of "sea-going vessel… transporting passengers," the phrase used in 46 U.S.C. § 183b(a), passengers are led to believe that only destination ports, and not embarkation or disembarkation ports, count when determining whether their trip included a U.S. port. (Id. at 4-5.) Second, plaintiffs argue that defendants' time

8

limitation clause is confusing because it includes a two-year time bar and references Article 16 of the Athens Convention instead of solely duplicating the one-year language set forth in § 183b(a). (Id. at 5-6.)

This Court is not persuaded by plaintiffs' arguments, which attempt through nonsensical reasoning to create the appearance of ambiguity where none exists. "The determination of whether a contract term is ambiguous is a threshold question of law for the court." Walk-In Med. Ctrs., Inc. v. Breuer Capital Corp., 818 F.2d 260, 263 (2d Cir. 1987). "'Ambiguity exists where a contract term could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.'" Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 178 (2d Cir. 2004) (quoted reference omitted). However, a contract's language is not ambiguous based on the interpretation urged by one party, where that interpretation would "'strain the contract language beyond its reasonable and ordinary meaning.'" Metro. Life Ins. Co. v. RJR Nabisco Inc., 906 F.2d 884, 889 (2d Cir. 1990) (Kearse, J.) (quoted reference omitted).

Applying these principles to the instant dispute, the Court finds that in the context of a cruise operator issuing ticket/contracts to its cruise passengers, the word "voyage" is a clear and unambiguous reference to the cruise in its entirety. Plaintiffs' argument that a "voyage" does not include the port from which the cruise departs, or to which the cruise returns, stretches the term beyond any reasonable meaning. See Newmont Mines Ltd. v. Hanover Ins. Co., 784 F.2d 127, 135 (2d Cir. 1986) ("Unless

9

otherwise indicated, words should be given the meanings ordinarily ascribed to them and absurd results should be avoided."). Accordingly, because plaintiffs' cruise began in Florida, traveled to foreign ports, and returned to Florida, plaintiffs' cruise unquestionably included a U.S. port and the one-year contractual limitation period applies.

Plaintiffs' contention that the time limitation clause was rendered ambiguous by defendants' reference to a two-year limitation for claims arising out of a trip that did not include a U.S. port, pursuant to the Athens Convention, is similarly unpersuasive. The Court finds that the time limitation clause in the Passenger Ticket/Contract unambiguously presents two potential deadlines by which any action for damages must be filed: (1) If a passenger travels on a cruise that includes at least one U.S. port, then, in accordance with § 183b(a), that passenger has one year to file any action for damages; (2) If a passenger travels on a cruise that does not include at least one U.S. port, then, in accordance with Article 16 of the Athens Convention, that passenger has two years to file any action for damages. Thus, because plaintiffs' cruise included a U.S. port, namely, Ft. Lauderdale, Florida, plaintiffs were clearly subject to the one-year time bar.

Moreover, plaintiffs' allegation that "[v]enue in the Southern District of New York is proper due to the fact that this matter involves a voyage that included a port in the United States of America, pursuant to the passenger ticket" (Compl. ¶ 4) flatly contradicts plaintiffs' contention that the word "voyage" is ambiguous and that the cruise did not involve a U.S. port. In fact, plaintiffs concede that their cruise included a port in the United States. Moreover, like the time limitation clause in the Passenger

Ticket/Contract, the contract has one provision that governs jurisdiction for trips that include a U.S. port, and a separate provision for voyages that do not include a port in the United States.[4] In light of plaintiffs' apparent ability to comprehend and apply the terms of the venue clause, the Court declines to believe that plaintiffs had difficulty navigating the very similarly worded time limitation clause.

Accordingly, because multiple warnings on the ticket clearly alert passengers to the time limitation clause, and the clause itself is legible, easy to comprehend, and complies with the applicable statutes, the Court finds that the physical appearance of the Passenger Ticket/Contract reasonably communicated to plaintiffs that any suit must be initiated within one year after disembarkation.

## B. Circumstances Surrounding Purchase and Retention of Ticket

Although plaintiffs do not dispute that defendants satisfy the second prong of the reasonably communicated standard, the Court finds as a matter of law that "'the circumstances surrounding the passenger's purchase and subsequent retention of the ticket/contract' permitted the passenger 'to become meaningfully informed of the contractual terms at stake.'" Ward, 273 F.3d at 523 (quoting Shankles, 722 F.2d at 865-66). The crux of this second prong "focuses on plaintiffs' opportunity to educate themselves as to their contract rights, including both the time period before embarkation

---

[4] Paragraph 21 of the Passenger Ticket/Contract provides in relevant part:
   21. JURISDICTION
   (A) For voyages that do not include a port in U.S.A., all claims arising out of this Contract shall be brought in and be subject to the exclusive jurisdiction of the Courts of Naples, Italy.
   (B) For voyages that include a port in U.S.A., all claims arising out of this contract shall be brought in, and be subject to the exclusive jurisdiction of the U.S. District Court for the Southern District of New York.

11

as well as the time following injury." Ames, 1998 U.S. Dist. LEXIS 11559, at *17; see Shambreskis v. Bridgeport & Port Jefferson Steamboat Co., No. 02 Civ. 2692, 2008 U.S. Dist. LEXIS 37841, at *13-14 (E.D.N.Y. May 8, 2008) (finding that plaintiff had a meaningful opportunity to familiarize himself with a ferry ticket's time limitation clause where he received the ticket one hour before being injured and retained the ticket after disembarking); Ames, 1998 U.S. Dist. LEXIS 11559, at *20-21 (finding that the second prong was satisfied where passengers received their tickets two or three days before their departure and retained their tickets after disembarkation).

Here, plaintiffs' complaint, and the documents referenced therein, demonstrate that plaintiffs retained their tickets long after disembarking, and they closely consulted the terms and conditions of the Passenger Ticket/Contract after Anna Noboa's injury. Plaintiffs' opportunity to review and understand the terms and conditions of the contract is illustrated by plaintiffs' compliance with the contractual requirement that a passenger submit a notice of claim within six months of the date of injury. (See Compl. ¶ 2; Passenger Ticket/Contract ¶ 25(A).) In fact, plaintiffs' counsel noted that plaintiffs' notice of claim was "[p]ursuant to the claims and provisions or [sic] our clients [sic] 'Passenger Contract.'" (Cover Letter to Plaintiffs' Notice of Claim.) Plaintiffs' ability to file a timely claim, with the assistance of an attorney, indicates that plaintiffs had ample opportunity to review the terms of the contract. See Vavoules v. Kloster Cruise, Ltd., 822 F. Supp. 979, 981 (E.D.N.Y. 1993) ("Where a plaintiff retains counsel within the one-year period, the assumption of notice is enhanced."). Moreover, as discussed previously, plaintiffs' complaint specifically asserts that venue in this Court is proper "pursuant to the passenger ticket." (Compl. ¶ 4.) Accordingly, because plaintiffs

12

submitted an administrative claim and filed their complaint in this Court in accordance with the terms of the Passenger Ticket/Contract, the Court finds that the circumstances surrounding the purchase and retention of the ticket allowed plaintiffs to become "meaningfully informed of the contractual terms at stake."[5] See Ward, 273 F.3d at 523.

## CONCLUSION

For the reasons stated above, this Court finds that defendants reasonably communicated to plaintiffs the ticket terms and conditions affecting their right to bring suit. Thus, the limitations clause of the contract is enforceable, and plaintiffs' claims are dismissed as time barred.[6] Defendants' motion to dismiss is GRANTED. The Clerk of the Court is directed to close this action.

**SO ORDERED.**

New York, New York
May 5, 2009

_____

U.S.D.J.

---

[5] The Court notes that defendants, relying on documents outside the bounds of the materials the Court can consider on a Rule 12(b)(6) motion, argued (and plaintiffs did not dispute) that plaintiffs' travel agent received plaintiffs' tickets two weeks before embarkation. (Defs.' Mem Law 9.) As such, it appears that plaintiffs had two weeks prior to their cruise to familiarize themselves with the terms of the Passenger Ticket/Contract. See Ames, 1998 U.S. Dist. LEXIS 11559, at *16 n.10 ("It is settled law that travel agents are to be construed as agents of ticket purchasers, and passengers are accordingly charged with constructive knowledge of ticket terms and conditions while the tickets are in their agents' possession.").

[6] Although defendants do not specifically discuss the application of the time limitation provision to Ceaser Noboa's derivative claims, the Court holds that Ceaser Noboa's claims are equally barred by the contractual limitations period. See Lieb, 645 F. Supp. at 235 ("'[W]e cannot hold that the contractual provision, and the statute after which it was patterned (46 U.S.C.S. § 183b), countenance a limitation period for bodily injury different from the limitation period for such derivative claims as loss of consortium. Such a holding would burden the contract with a technical meaning at variance with its plain import.'" (citing Miller v. Lykes Bros. S.S. Co., Inc., 467 F.2d 464, 466-67 (5th Cir. 1972)); see also Capriola v. Royal Caribbean Cruises, Ltd., No. 97 CV 3433, 1997 U.S. Dist. LEXIS 14647, at *8-9 (E.D.N.Y. 1997) (same).

13